UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Erik Becerra,  		Case No. 24-CV-3599 (DSD/DJF)

   Petitioner,

v.  		**REPORT AND RECOMMENDATION**

United States of America,

   Respondent.

---

  This matter is before the Court on Petitioner Erik Becerra's petition for a writ of habeas corpus[1] ("Petition") (ECF No. 1)[2] and Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 5) ("IFP Application"). Mr. Becerra challenges the legality of his prior convictions on various constitutional grounds. (*See* ECF No. 1; ECF. No. 4.) Because the Court lacks jurisdiction over the Petition, it recommends dismissing the Petition and denying the IFP Application as moot.

  Petitioner Erik Becerra was previously convicted in this District on two counts of being a felon in possession of a firearm. *See United States v. Becerra*, No. 15-CR-0187 (SRN/DTS) (D. Minn.). As Mr. Becerra's term of imprisonment for those crimes approached its end, the federal government filed a petition to continue detaining Mr. Becerra pursuant to 18 U.S.C. § 4246(a)

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the Court reviews the Petition under those rules even though Mr. Becerra filed it under 28 U.S.C. § 2241.

[2] In addition to his initial Petition (ECF No. 1), Mr. Becerra also filed an amended petition (ECF No. 4) and a document entitled, "Submission of Miranda Right's Case Miranda v. Arizona" (ECF No. 6). Both appear to be addendums to his Petition rather than standalone pleadings intended to replace it. The Court has considered the Petition and the addendums in conducting the required review under Rule 4 of the Rules Governing Section 2254 Cases.

1

following the conclusion of his term of imprisonment. *See United States v. Becerra*, No. 21-CV-0059 (PAM/JFD) (D. Minn.). The government's petition was granted, and Mr. Becerra was civilly committed pursuant to Section 4246. He remains subject to that civil commitment today.

The Court lacks subject matter jurisdiction over the Petition because Mr. Becerra is not "in custody" within the meaning of Section 2241. To be afforded habeas corpus relief, a petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam). As a civil detainee, Mr. Becerra is not currently in custody under a criminal conviction or sentence. Therefore, the Court cannot grant him habeas corpus relief based on criminal convictions that no longer control his present detention.

Furthermore, Section 2241 is not the proper procedural vehicle for Mr. Becerra to challenge his past criminal convictions. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255 … and not in a habeas petition filed in the court of incarceration … under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam)). An exception to this rule arises when a petitioner demonstrates that the remedy provided by Section 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e); *DeSimone*, 805 F.2d at 323. Mr. Becerra argues the Petition falls within that exception because his previous Section 2255 petitions have been denied as untimely. (*See* ECF No. 1, at 2.) He is mistaken. Recourse to Section 2241 is reserved for cases in which "*unusual circumstances* make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones v. Hendrix*, 599 U.S. 465, 478 (2023) (emphasis added). A petitioner's failure to meet the filing deadline for Section 2255 relief is not an unusual circumstance, and based on its review, the

Court finds the Petition plainly is a collateral attack on Mr. Becerra's sentence. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *Maynie v. Williams*, No. 3:21-cv-733, 2023 WL 4270257, at *6 (S.D. Ill. June 29, 2023) (failure to timely file for Section 2255 relief does not grant a petitioner access to Section 2241 relief). Because the Court lacks jurisdiction over this action, it recommends the Petition be dismissed without prejudice.

Finally, because the Court recommends the Petition be dismissed, it further recommends Mr. Becerra's IFP Application be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus (ECF No. 1) be **DENIED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Petitioner Erik Becerra's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 5) be **DENIED** as moot.

Dated: September 27, 2024            *s/ Dulce J. Foster*
                                     Dulce J. Foster
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).